UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RON GOLAN, *on behalf of himself and all others*
*similarly situated,*

                                    Plaintiff,

                        -v-

DEUTSCHE BANK SECURITIES INC.,

                                    Defendant.

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/15

15 Civ. 221 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On December 28, 2015, defense counsel submitted via email a settlement agreement

("the Agreement") and proposed stipulation of dismissal with prejudice in this matter arising

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  For the reasons that

follow, the Court declines to approve the settlement and directs the parties to submit additional

information.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the

district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d

199, 200 (2d Cir. 2015).  Rather, the parties must satisfy the Court that their agreement is "fair

and reasonable."  *Velasquez v. SAFI–G, Inc.,* No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1

(S.D.N.Y. Oct. 7, 2015).  Further, "[t]he Court must . . . separately assess the reasonableness of

plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than

judicially determined."  *Lliguichuzcha v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 366 (S.D.N.Y.

2013).

The parties' submission does not enable the Court to make those assessments.  The Court therefore declines to approve the Agreement for substantially the reasons set forth in *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832 (Oct. 27, 2015).  Specifically, plaintiff's counsel has not provided the Court with (1) sufficient information about the bona fides of the dispute to enable the Court to determine whether the settlement amount is fair and reasonable, or (2) any documentation demonstrating the reasonableness of the requested attorneys' fees (including contemporaneous time records and information regarding the hourly rate for all attorneys and staff who worked on this case).

To the extent the parties—after addressing these issues—may choose to seek court approval of a with-prejudice settlement of plaintiff's FLSA claims, the Court alerts counsel of two other deficiencies in the present submission.  First, the Court will not permit the filing of a court-approved FLSA settlement under seal.[1]  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012).  Second, the breadth of the release provision in the Agreement, which purports to "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," is problematic. *Lopez*, 96 F. Supp. at 181 (disapproving of a similar provision) (cited approvingly in *Cheeks*, 796 F.3d at 206).

In light of this ruling, the parties may proceed in one of the three following ways:

---

[1] Separately, while public filing would appear to moot the present Agreement's confidentiality provision, the Court notes that such provisions are, at the very least, disfavored. *See Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015) (discussing *Cheeks,* 796 F.3d 199); *see also Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (disapproving of a "battery of highly restrictive confidentiality provisions," including some similar to those embodied in the Agreement).

1. The parties may file a revised agreement by January 15, 2016, that addresses the concerns expressed in this order. The parties also shall file a joint letter that (1) describes the bona fides of the dispute and identifies and explains the amount that plaintiff could receive if he prevailed at trial, and (2) explains why the settlement amount and the portion of the settlement allocated to attorneys' fees are fair and reasonable. Plaintiff's counsel also shall submit contemporaneous time records, and information regarding the hourly rate for all attorneys and support staff who have worked on this case; or

2. The parties may file a joint letter by January 15, 2016, indicating their intention to abandon the settlement and to continue litigating this matter; or

3. The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require Court approval. *See Cheeks,* 796 F.3d at 201 n. 2.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 29, 2015
      New York, New York